**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff*s

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEKA DRYE; L.N.M.D.; J.C.T.D.; D.R.D.; A.M.D.; P.N.K.D.; and DANNIE-ANN CONNER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HEMET; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-02152 JGB (KKx) <br><br> [*Honorable Jesus G. Bernal*] Magistrate Judge Kenly Kiya Kato <br><br> **DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS L.N.M.D,, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.** <br><br> [Notice of Application and Application to Compromise; Petitioner's Endorsement of Kara Conner; and (Proposed) Order *filed concurrently herewith*] |

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D., and Plaintiffs Shameka Drye and Dannie-Ann Conner. I make this declaration in support of minor Plaintiffs' Unopposed Ex Parte Application for Approval of the Compromise of the Claims of Minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.     Prior to filing this *ex parte* application, I, as minor Plaintiffs' counsel, contacted Defendants' counsel to confirm that Defendants will not be opposing the instant Application. Prior to filing this *ex parte* application, I also emailed a copy of the instant ex parte application to Defendants' counsel. Defendants' counsel has approved of the filing of the instant *ex parte* application and requested the following language added: "Defendants have no personal knowledge upon which to oppose, deny, or dispute the facts stated in this *ex parte* application, and accordingly relied solely on the representations of Plaintiffs and their counsel when determining not to oppose this Application. In addition, Defendants have no interest in the allocation and/or disbursement of settlement funds among Plaintiffs and their counsel, and defer to the Court's good judgement in determining whether the settlement and subsequent allocation are fair, reasonable, and adequate." Defendants are represented by:

Eugene P. Ramirez (State Bar No. 134865), epr@manningllp.com

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP

801 S. Figueroa St, 15th Floor, Los Angeles, California 90017-3012

Telephone: (213) 624-6900, Facsimile: (213) 624-6999

**3.**     Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the proposed distribution of the settlement proceeds as outlined in this Application.

**4.**     This Application seeks approval of the compromise of minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s claims on an *ex parte* basis because minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the interest rate for which is likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor Plaintiffs.

**5.**     After mediation conducted by Richard T. Copeland on October 3, 2023, the parties agreed to settle the above-referenced case as to all claims and parties. The settlement was formally approved by the City of Hemet City Council on October 3, 2023, 2023. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $6,750,000. The gross sum total settlement is broken down into the following: $500,000 (7.4074074%) of the settlement proceeds going to Plaintiff Dannie-Ann Conner; $1,500,000.00 (22.2222222%) of the settlement proceeds going to Plaintiff Shameka Drye, and $4,750,000 (70.3703704%) of the settlement proceeds going to minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. in total, which is $950,000 (14.07407408%) for each minor.

**6.**     The nature of minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s claims in this lawsuit are set forth in the operative complaint filed in this action. (Doc. 1.) Pursuant to the settlement agreement, minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s claims will be compromised without a trial on the merits of the claims.

7.    Minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s damages in this case arise from (1) the injuries suffered by the Decedent, for which minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s can recover survival damages as his successors in interest; and (2) minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s individual loss of the Decedent's comfort, care, companionship, training, support, and guidance.

8.    The total gross settlement that Defendants agree to pay is $6,750,000. Plaintiffs propose the following gross division: $500,000 (7.4074074% of the settlement proceeds) will go to Plaintiff Dannie-Ann Conner and her attorneys; $1,500,000 (22.2222222% of the settlement proceeds) will go to Plaintiff Shameka Drye and her attorneys; and $4,750,000 (70.3703704% of the settlement proceeds) will collectively go to minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D. and their attorneys, which is $950,000 (14.07407408%) for each minor split evenly.

9.    Minor Plaintiffs L.N.M.D., J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s Attorneys, the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer, are requesting a contingency fee in the amount of 33.3 percent of the gross settlement proceeds allocated to each individual Plaintiff. The contingency retainer agreements between Plaintiffs and their Attorneys provide 33.3 percent contingency fee if the parties reach a settlement prior to filing the Complaint and for a 40 percent contingency fee as to each Plaintiff if the case is resolved after the filing of the Complaint. The Attorneys are requesting $2,250,000 in total attorneys' fees from the total gross settlement proceeds, which will be split evenly between the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer.

10.    Minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s Attorneys are also requesting reimbursement of advanced litigation costs in the total amount of $2,320.01. The costs will be borne by the Plaintiffs on a pro rata basis with their gross settlement allocation, such that minor Plaintiffs' Attorneys are

requesting the following in costs from the gross settlement proceeds of each of the following Plaintiffs: Dannie-Ann Conner (7.4074074% at $171.81), Shameka Drye (22.2222222% at $515.55), L.N.M.D. (14.07407408% at $326.53), J.C.T.D. (14.07407408% at $326.53), D.R.D. (14.07407408% at $326.53), A.M.D. (14.07407408% at $326.53), and P.N.K.D. (14.07407408% at $326.53).

11.    Under the existing retainer agreements, Plaintiffs' attorneys are due a 33.3 percent attorney recovery fee, plus reimbursement of advanced litigation costs. These are the amounts that the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer would be due under the existing contingency fee retainer agreement. This case involved a substantial amount of risk. If minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. had prevailed at trial, statutory attorneys' fees due to minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s attorneys under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer are not awarded a fully compensatory fee in such cases, they would not be able to take them. In turn, minor plaintiffs such as Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s attorneys request reimbursement of the full amount of their attorneys' fees and costs. Further, the contingency fee requested is justified by attorney Dale K. Galipo's skill and experience in the civil rights field; the difficulties and complexities of this case; the risk assumed by Plaintiffs' counsel; and the time and expense of prosecuting this case. Though pre-litigation, Plaintiffs' attorneys devoted significant time to this case in order to achieve a settlement for Plaintiffs, including but not limited to conducting extensive investigation and discovery; conducting interviews; consulting experts; and participating in mediation. Accordingly, Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. and their attorneys submit that Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s

attorneys are deserving of the requested 33.3 percent attorney recovery fee in this case, which will be split evenly between the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer.

12. As stated above, the gross settlement amount is $6,750,000. The share of these proceeds apportioned for minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. and their attorneys is $4,750,000. After deducting requested attorneys' fees of $1,583,333.30 and advanced costs in the pro rata amount of $1,632.65, the total net settlement proceeds to minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. is $3,165,034.05, which is $633,006.81 to each minor Plaintiff split evenly.

13. It is requested that $3,165,034.05 be used to fund a structured settlement annuity for minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.

14. Attached as "Exhibit A" is a true and correct copy of the proposed structured settlement annuity and disbursement schedule for minor Plaintiff L.N.M.D. Under the proposal set forth in "Exhibit A," the total amount that minor Plaintiff shall receive directly after the final payment is made to L.N.M.D. is $1,581,150. Attached as "Exhibit B" is a true and correct copy of the proposed structured settlement annuity and disbursement schedule for minor Plaintiff J.C.T.D. Under the proposal set forth in "Exhibit B," the total amount that minor Plaintiff shall receive directly after the final payment is made to J.C.T.D. is $1,738,750. Attached as "Exhibit C" is a true and correct copy of the proposed structured settlement annuity and disbursement schedule for minor Plaintiff D.R.D. Under the proposal set forth in "Exhibit C," the total amount that minor Plaintiff shall receive directly after the final payment is made to D.R.D. is $1,857,000. Attached as "Exhibit D" is a true and correct copy of the proposed structured settlement annuity and disbursement schedule for minor Plaintiff A.M.D. Under the proposal set forth in "Exhibit D," the total amount that minor Plaintiff shall receive directly after the

final payment is made to A.M.D. is $2,048,925. Attached as "Exhibit E" is a true and correct copy of the proposed structured settlement annuity and disbursement schedule for minor Plaintiff P.N.K.D. Under the proposal set forth in "Exhibit E," the total amount that minor Plaintiff shall receive directly after the final payment is made to P.N.K.D. is $2,466,000

Minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s guardian *ad litem*, Petitioner Kara Conner, has reviewed the proposed annuity and disbursement schedules for minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. set forth in Exhibits A through E and believes that the proposal set forth in Exhibits A through E is in the best interest of minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.

15.   This motion does not seek an order for payment of money to a special needs trust.

16.   This petition was prepared by attorney Marcel F. Sincich (California State Bar Number 319508), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, who represents minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. in this action.

17.   Minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s attorneys, the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer, did not become concerned with this matter or petition, directly or indirectly, at the instance of any party against whom the claims of said minor Plaintiffs are asserted or any party's insurance carrier.

18.   Plaintiffs Shameka Drye, Dannie-Ann Conner, L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s attorneys, the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer, are not employed by any other party or any insurance carrier involved in the matter.

19.   Minor Plaintiffs L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D.'s attorneys, the Law Offices of Dale K. Galipo and the Law Offices of Grech &

Packer, have not to date received any compensation for their services in connection herewith from any person.

20.     Plaintiffs Shameka Drye, Dannie-Ann Conner, L.N.M.D, J.C.T.D., D.R.D., A.M.D., and P.N.K.D. are the only Plaintiffs in the above-referenced action. Plaintiff Shameka Drye's attorneys expect to receive $500,000 in attorneys' fees and reimbursement of $515.55 in costs as set forth above. Plaintiff Dannie-Ann Conner's attorneys expect to receive $166,666.70 in attorneys' fees and reimbursement of $171.81 in costs as set forth above. Minor Plaintiff L.N.M.D.'s attorneys expect to receive $316,666.66 in attorneys' fees and reimbursement of $326.53 in costs as set forth above. Minor Plaintiff J.C.T.D.'s attorneys expect to receive $316,666.66 in attorneys' fees and reimbursement of $326.53 in costs as set forth above. Minor Plaintiff D.R.D.'s attorneys expect to receive $316,666.66 in attorneys' fees and reimbursement of $326.53 in costs as set forth above. Minor Plaintiff A.M.D,'s attorneys expect to receive $316,666.66 in attorneys' fees and reimbursement of $326.52 in costs as set forth above. Minor Plaintiff P.N.K.D,'s attorneys expect to receive $316,666.66 in attorneys' fees and reimbursement of $326.53 in costs as set forth above. Plaintiffs' attorneys do not expect to receive additional compensation for their services in connection herewith.

21.     Plaintiffs' attorneys, the Law Offices of Dale K. Galipo and the Law Offices of Grech & Packer, accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 33.3 percent contingency fee if the parties reach a settlement prior to filing the Complaint and for a 40 percent contingency fee as to each Plaintiff if the case is resolved after the filing of the Complaint.

22.     Attached hereto as "Exhibit F" is a group of documents from Metropolitan Tower Life Insurance Company, including the ratings and sample guarantee.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 4th day of January 2024.

_____ _____    _____
                                                    Marcel F. Sincich

Case No.: 5:23-cv-02152 JGB (KKx)
SINCICH DECLARATION IN SUPPORT OF MINORS' COMPROMISE